UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) Case No. 14-30487-LKG |
| | ) |
| MONTE WILLIAM STEWART, SR. and | ) |
| SUSAN ANN STEWART, | ) Chapter 13 |
| | ) |
| Debtors. | ) |
| | ) |
| VANDERBILT MORTGAGE AND | ) |
| FINANCE, INC., | ) |
| | ) |
| Movant, | ) |
| v. | ) |
| | ) |
| MONTE WILLIAM STEWART, SR. and | ) |
| SUSAN ANN STEWART, | ) |
| Debtors | ) |
| | ) |
| and | ) |
| | ) |
| RUSSELL C. SIMON, | ) |
| Trustee, | ) |
| | ) |
| Respondents. | ) |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## BY VANDERBILT MORTGAGE AND FINANCE, INC.

Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), respectfully states as follows:

1.     Vanderbilt holds a claim secured by a 2006 CMH Celebration Mobile/Manufactured Home, VIN #CLS104912TN, including all fixtures therein (the "Property").

2.     A copy of the Retail Installment Contract and Security Agreement that evidences the indebtedness to Movant is marked as Exhibit 1.

3.     A copy of the Certificate of Title that evidences perfection of Movant's security interest in the Property is marked as Exhibit 2.

4.      The Chapter 13 Plan, which has not been confirmed, calls for the surrender of the Property by the Debtors.

5.      The Debtors' account is current, but they are surrendering their interest in the Property.  Their daughter is making all payments to Movant.

6.      The current balance due and owing to Vanderbilt is approximately $30,058.65.  The total is comprised of the following components:

| | |
|---|---|
| $29,713.18 | unpaid principal |
| $   345.47 | accrued interest from 04/01/2014 (date) through 04/14/2014(date) |
| $_____ | late charges from ___ (date) through ___ (date) |
| $_____ | attorneys' fees |
| $_____ | advances for taxes, insurance, etc. |
| $   (64.16) | any other charges (escrow) |
| $30, 058.65 | TOTAL |

7.      A copy of the payment history for all post-petition payments due to date is marked as Exhibit 3.

8.      The property has a present value of approximately $19,227.01 according to NADA Guides.

9.      Cause exists for granting relief from the automatic stay in that the Debtors Chapter 13 Plan states that they are surrendering their interest in the Property.

10.     Debtors do not have equity in the Property, and such Property is not necessary for an effective reorganization.

11.     Vanderbilt is entitled to immediate relief without further stay because the Debtors are surrendering their interest in the Property.

WHEREFORE, Vanderbilt Mortgage and Finance, Inc. prays that this Court enter its Order granting relief from the automatic stay and authorizing Vanderbilt to exercise its rights under its loan documents and applicable nonbankruptcy laws immediately without

any delay or stay under Rule 4001 or otherwise, and for such other relief as the Court deems just and proper.

/S/David G. Wasinger
David G. Wasinger, IlBar #06200269
James S. Cole, IlBar #06314940
THE WASINGER LAW GROUP, P.C.
Magna Place, Suite 875
1401 South Brentwood Boulevard
St. Louis, Missouri 63144
(314) 961-0400; (314) 961-2726 FAX
Attorneys for Vanderbilt Mortgage and
Finance, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically upon the U.S. Trustee, according to the Court's electronic notice procedures, and that a further copy was mailed by U.S. Mail, postage prepaid, this 15th day of April, 2014, to:

William A. Mueller, Attorney for Debtors
Mueller Associates
5312 West Main
Belleville, Illinois 62226

Russell C. Simon, Trustee
24 Bronze Pointe
Swansea, Illinois 62226

Monte William Stewart, Sr. and
Susan Ann Stewart
16 Gatewood Court
Belleville, Illinois 62226

Laura Wood
1341 East Main
Scott Air Force Base, Illinois 62225

/S/David G. Wasinger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) Case No. 14-30487-LKG |
| | ) |
| MONTE WILLIAM STEWART, SR. and | ) |
| SUSAN ANN STEWART, | ) |
| | ) Chapter 13 |
| | ) |
| Debtors. | ) |
| | ) |
| VANDERBILT MORTGAGE AND | ) |
| FINANCE, INC., | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| MONTE WILLIAM STEWART, SR. and | ) |
| SUSAN ANN STEWART, | ) |
| Debtors, | ) |
| | ) |
| and | ) |
| | ) |
| RUSSELL C. SIMON, | ) |
| Trustee, | ) |
| | ) |
| Respondents. | ) |

STATEMENT OF ADDITIONAL ENTITIES WITH INTERESTS IN COLLATERAL

On information and belief, Movant states that the following persons and entities

(other than Debtor, co-Debtor, and Movant) have interests in the Property that is the

subject of the Motion to Lift Stay:

1.    Laura Wood, 1341 East Main, Scott Air Force Base, Illinois 62225.

/S/David G. Wasinger
David G. Wasinger, IlBar #06200269
James S. Cole, IlBar #06314940
THE WASINGER LAW GROUP, P.C.
Magna Place, Suite 875
1401 South Brentwood Boulevard
St. Louis, Missouri 63144
(314) 961-0400; (314) 961-2726 FAX
Attorneys for Vanderbilt Mortgage and
Finance, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically upon the U.S. Trustee, according to the Court's electronic notice procedures, and that a further copy was mailed by U.S. Mail, postage prepaid, this 15th day of April, 2014, to:

William A. Mueller, Attorney for Debtors
Mueller Associates
5312 West Main
Belleville, Illinois 62226

Russell C. Simon, Trustee
24 Bronze Pointe
Swansea, Illinois 62226

Monte William Stewart, Sr. and
Susan Ann Stewart
16 Gatewood Court
Belleville, Illinois 62226

Laura Wood
1341 East Main
Scott Air Force Base, Illinois 62225

/S/David G. Wasinger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

In re:                                          ) Case No. 14-30487-LKG
                                                )
MONTE WILLIAM STEWART, SR. and )
SUSAN ANN STEWART,                     )
                                                ) Chapter 13
                    Debtors.                  )
                                                )
                                                )
VANDERBILT MORTGAGE AND        )
FINANCE, INC.,                             )
                                                )
                    Movant,                   )

## SUMMARY OF EXHIBITS

The following exhibit(s) pertain to the Motion for Relief From Automatic Stay filed

by Vanderbilt Mortgage and Finance, Inc. on April 15, 2014.

1. Retail Installment Contract and Security Agreement;

2. Certificate Title on a 2006 CMH Celebration Mobile/Manufactured Home

showing lien perfection of Vanderbilt; and

3. Statement of payment history for post-petition payments due to date.

/S/David G. Wasinger
David G. Wasinger, Ill. Bar #06200269
James S. Cole, IlBar #06314940
THE WASINGER LAW GROUP, P.C.
Magna Place, Suite 875
1401 South Brentwood Boulevard
St. Louis, Missouri 63144
(314) 961-0400; (314) 961-2726 FAX
Attorney for Vanderbilt Mortgage and
Finance, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically upon the Debtors' counsel, and the U.S. Trustee, according to the Court's electronic notice procedures, and that a further copy was mailed by U.S. Mail, postage prepaid, this 15th day of April, 2014, to:

William A. Mueller, Attorney for Debtors
Mueller Associates
5312 West Main
Belleville, Illinois 62226

Russell C. Simon, Trustee
24 Bronze Pointe
Swansea, Illinois 62226

Monte William Stewart, Sr. and
Susan Ann Stewart
16 Gatewood Court
Belleville, Illinois 62226

Laura Wood
1341 East Main
Scott Air Force Base, Illinois 62225

/S/David G. Wasinger

Date

**RETAIL INSTALLMENT CONTRACT-SECURITY AGREEMENT** CONV [X] FHA [ ] VA [ ]

**ASSIGNEE:** Vanderbilt Mortgage and Finance, Inc.    Post Office Box 9800    Maryville,    TN    37802

Buyer's Name: **MONTE W STEWART SR**    Co-Signer's Name:
Buyer's Name: **SUSAN A STEWART**    Co-Signer's Name:
Buyer's Address: **16 GATEWOOD CT , BELLEVILLE, IL 62226**

"Buyer" refers to all persons who sign this contract as buyer or co-buyer, jointly and severally. "Seller" refers to the seller. The Seller will submit this contract to Vanderbilt Mortgage and Finance, Inc., P.O. Box 9800, Maryville, Tennessee 37802; and, if approved, the contract will be assigned to Vanderbilt Mortgage and Finance, Inc. Buyer promises to advise Seller in writing of any change of Buyer's mailing address while this contract is in effect. Seller should send any papers or notices concerning the Manufactured Home purchased under this contract to Buyer's mailing address. On the date of this contract, Buyer buys from Seller on a credit sale basis the Manufactured Home described below, together with furnishings, equipment, appliances and accessories included in the Manufactured Home at the time of purchase (collectively called "Manufactured Home").

**PROMISE TO PAY:** Buyer promises to pay Seller the "Unpaid Balance" as listed under "Itemization of Amount Financed" below plus interest from the contract date at the rate of 10.50% ("Contract Rate"). The "Unpaid Balance" includes any Prepaid Finance Charges advanced for Buyer. Prepaid Finance Charges, if any, shall be deemed fully earned by Seller when Seller executes this Note. Buyer will pay the loan by making monthly payments in the amount(s) and on the dates listed in the Payment Schedule shown below. Buyer understands that the amount of the regular payment is based upon the assumption that all payments will be made on the scheduled due dates and in the scheduled amounts. If no Contract Rate is disclosed above, the initial interest rate is the Annual Percentage Rate shown below. The finance charge is figured on the assumption that Buyer will make each payment exactly as scheduled. (Buyers payment schedule).

**Description of Manufactured Home**    New [X]  Used [ ]

| TRADE NAME: CMH | ADDITIONAL ACCESSORIES AND FURNISHINGS: ITEM AND SERIAL # |
|---|---|
| MODEL: CELEBRATIO    YEAR: | |
| LENGTH:    WIDTH: | |
| SERIAL NO: CLS104912TN | |
| SERIAL NO: | |

| ANNUAL PERCENTAGE RATE The cost of Buyer's credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost Buyer. | Amount Financed The amount of credit provided to Buyer or on Buyer's behalf. | Total of Payments The amount Buyer will have paid after Buyer has made all payments as scheduled: | Total Sale Price The total cost of Buyer's purchase on credit including Buyer's down payment of $3,820.00 |
|---|---|---|---|---|
| | $49,010.20 | $35,105.00 | $84,115.20 | $87,935.20 |

Buyer's payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | $350.48 | Monthly, beginning, 3/01/2007 |
| | | Monthly, beginning, |
| | | Monthly, beginning, |
| | | Monthly, beginning, |

**Security:** Buyer gives Seller a security interest in:
[X] The goods or property being purchased including the Manufactured Home as described above.
[ ] Real property located at:
**Late Charge:** If a payment is more than 15 days late, Buyer will be charged 5% of the unpaid amount of such payment, not to exceed $5.00.
**Rebate for Prepayment :** At any time, Buyer has the right without penalty to pay this contract in full or to pay more than Buyers schedule requires. Buyer earns the Prepaid Finance Charge when Buyer receives the Home and no part of it will be refunded if Buyer pays in full ahead of schedule.
**Assumption:** Someone buying the Manufactured Home may be allowed to assume the remainder of Buyer's obligations under this contract on the original terms only if such person is approved by Seller.
See "Additional Terms and Conditions" on reverse side for additional information about nonpayment, default, required payment in full before the scheduled date and prepayment refunds and penalties.

Page 1 (400)

EXHIBIT

1

## ITEMIZATION OF AMOUNT FINANCED:

| | | |
|---|---|---|
| 1. Cash Price (Including Sales Tax of $2,300.00) .... | | $38,200.00 |
| Cash Downpayment ........ $3,820.00 | | |
| Trade-in (Year, Make, Model) N/A | | |
| Length N/A    Width N/A | | |
| Trade Allowance N/A    Liens N/A | | |
| Net Trade-in Allowance    N/A | | |
| 2. Total Downpayment ..... | | $3,820.00 |
| | | |
| 3. Unpaid Balance of Cash Price (1 minus 2) .... | | $34,380.00 |
| 4. Amounts paid to others on Buyer's behalf | | |
| a. To Insurance Companies | | |
| (1) Property Insurance ........ | $660.00** | |
| (2) Credit Life Insurance ........ | $.00 ** | |
| b. To Public Officials | | |
| (1) Certificate of Title ........ | $65.00 | |
| (2) Filing Fees ........ | $.00 | |
| c. To ........ | $.00** | |
| d. To ........ | $.00** | |
| c. To ........ | $.00** | |
| C. To ........ | $.00** | |
| g. To ........ | $.00** | |
| h. To ........ | $.00** | |
| i. To ........ | $.00** | |
| k. To ........ | $.00** | |
| L. To ........ | $.00** | |
| m. To ........ | $.00** | |
| n. To ........ | $.00** | |
| Total (Items a. through n.) ........ | $725.00 | |
| 5. Unpaid Balance (3 plus 4) ........ | | $35,105.00 |
| 6. Prepaid Finance Charges ........ | | $.00 |
| 7. Amount Financed (5 minus 6) ........ | | $35,105.00 |
| **Seller may retain, or receive, a portion of these amounts | | |

### INSURANCE:

**PROPERTY INSURANCE ON THE MANUFACTURED HOME IS REQUIRED FOR THE TERM OF THIS CONTRACT. BUYER HAS THE RIGHT TO OBTAIN SUCH INSURANCE FROM ANYONE AUTHORIZED BY LAW TO SELL IT.**

However, by checking the appropriate box below, Buyer elects to buy through Seller property insurance of the specified coverage, term and premium.

| Type of Insurance | Term | Premium |
|---|---|---|
| [X] MobilOwners | 12 | $660.00 |
| ☐ | | |

**OPTIONAL HOME BUYER PROTECTION PLAN (HBPP):** Buyer protection and service plans are voluntary and are not required to obtain credit. If the box is checked, Buyer has elected to purchase HBPP at the terms shown below.

| Type of Insurance | Term | Premium |
|---|---|---|
| ☐ | | |

**CREDIT LIFE INSURANCE IS NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS BUYER SIGNS AND AGREES TO PAY THE ADDITIONAL COST.**

| Type of Coverage | Term | Premium |
|---|---|---|
| ☐ | | |

This insurance may not pay off all Buyer's debt and the exact amount of coverage is shown on Buyer's policy or certificate. If Buyer elects credit insurance, the name(s) of the proposed insured(s) are: (Only One Buyer (not Co-Signer) may be insured.)

Proposed Insured:                                    Age:

Buyer's signature indicates Buyer's election to obtain the above marked insurance coverage(s) for the term, premium and proposed insured(s) shown.

| | |
|---|---|
| Signature _Martin W. Glen Sr._ | Date 3-20-07 |
| Signature _Willma M. Willma_ | Date 3-20-07 |
| Signature _____ | Date _____ |
| Signature _____ | Date _____ |

---

**SECURITY INTEREST:** Buyer gives Seller a security interest under the applicable certificate of title law and the applicable Uniform Commercial Code in the Manufactured Home and any property added or attached to it, and if indicated above the real property as described, to secure Buyer's obligation under this Contract. If this loan is also secured by a Deed of Trust or Mortgage on my real property, then this security agreement is not exclusive. If, and to the extent permitted by applicable law, Buyer agrees that Seller or its assignee may charge and collect from Borrower a reasonable fee for preparing documents related to this transaction, such as applications for certificates of title, financing statements, mortgages and deeds of trust, as well as any amendments to or terminations of any security interests created by any of the foregoing. All rights and remedies under this Note and any Deed of Trust executed herewith are cumulative, but Buyer's right to a written notice of default and 30 days to cure shall not be affected by any inconsistent provision of any Deed of Trust. Buyer also assigns directly to Seller any interest Buyer may have in premium refunds or proceeds under any insurance covering the Manufactured Home. Buyer agrees to execute any application for certificate of title or ownership, financing statement or other document necessary to perfect Seller's security interest in the Manufactured Home. Buyer authorizes Seller to sign Buyer's name to any financing statement or application or other document which may necessary to perfect the security granted by Buyer herein.

**BUYER'S RIGHT TO PREPAY: BUYER MAY PREPAY ANY AMOUNTS DUE UNDER THIS CONTRACT AT ANY TIME WITHOUT PENALTY.** However, pre-paid finance charges (loan fees, points, finders fees or similar charges), if any, will not be refundable. Buyer has the right to make payments at any time before they are due. Unless Buyer directs Seller otherwise in writing, Seller will apply Buyer's prepayments to reduce the next scheduled payment or payments that Buyer owes under this contract. A partial prepayment will not change the due date or monthly payment amounts.

**PROPERTY INSURANCE:** Buyer is required to insure the Manufactured Home against physical damage for the term of the contract at Buyer's expense, subject to Seller's approval. If Buyer purchased and financed the premium(s), the premium is financed over the term of the loan, even though the term of insurance is less than the loan term. The amount of coverage must provide the types and amounts required by Seller. The insurance policy will contain a loss payable clause protecting Seller (as Seller's interest may appear), and provide for at least a 10 day notice of cancellation to Seller. Buyer agrees to provide written proof of such coverage to Seller at Seller's request within 5 days notice. Buyer has the right to choose the person through whom is property insurance is obtained. If Buyer's insurance coverage expires or is canceled prior to payment in full of this contract, Buyer must obtain no less than the minimum coverage at Buyer's expense for the remaining term of the contract. Should Buyer fail to maintain coverage or fail to provide proof of such insurance, Seller may, but is not obligated to, at Seller's sole discretion, obtain coverage in an amount and type it deems necessary. Buyer agrees that such coverage may cover Seller's interest and Buyer's interest or only Seller's interest. Seller may, at its sole option, insure against losses in amounts equal to the unpaid balance due on the note. Buyer understands the insurance premiums may be higher if Seller purchases the insurance than might be the case if Buyer had purchased the insurance. Seller may purchase the insurance from an affiliated company which may receive a profit for this service. Seller has no obligation to Buyer to search for any lower cost premiums that may be available to Buyer by other insurance companies.

**ADVANCES TO PROTECT THE MANUFACTURED HOME:** If Buyer fails to pay for required insurance, if Buyer fails to pay park or lot rent (and

Page 2 (400)

any other related charges), **if Buyer fails to** satisfy taxes, assessments, or other liens or encumbrances against the Manufactured Home, if Buyer fails to keep the Manufactured Home in good repair or if Buyer fails to make any other payments required by this contract or applicable law, Seller may (but is not required to) make such repairs or payments Seller chooses. Any and all of such payments made by Seller, and any amounts Seller pays to protect or enforce Seller's security interest, will be added to the amount Buyer owes Seller on this contract, and will be secured by the Manufactured Home. Buyer agrees to pay interest on these amounts at the Contract Rate provided for in this contract on any such amounts Buyer does not repay immediately. At Seller's sole option, Seller may (1) demand that Buyer repay these amounts immediately, or (2) add these amounts to Buyer's regularly scheduled payments, or (3) add these amounts as additional installments due or (4) add these amounts to the final installment due on this contract.

**DELINQUENCY AND DEFAULT:** Time is of the essence. If a payment is more than 15 days late, Buyer agrees to pay a late charge of 5% of the unpaid amount, not to exceed $5.00. If any **check**, negotiable instrument of withdrawal or share draft is dishonored and returned to Seller by Buyer's financial institution, Buyer will pay a processing fee of a maximum of $20.00 or the maximum amount permitted by law, whichever is less, in addition to being required to make payment on the item, and late charges. Buyer will be in default on this contract if: (1) Buyer fails to make any payment when due; or (2) otherwise fails to perform any of Buyer's obligations under this contract; or (3) Buyer dies or becomes legally unable to manage Buyer's affairs; or (4) any statement of fact, representation or warranty Buyer makes to Seller in Buyer's loan application, or in any loan document is false, misleading, inaccurate, or incomplete. In the event of Buyer's default, Seller will give Buyer notice of the right to cure the default ("Notice of Default") when required by law. Buyer is not, however, entitled to a Notice of Default more than twice in any one-year period. Under no circumstances is Buyer entitled to a Notice of Default if Buyer has either abandoned or voluntarily surrendered the Manufactured Home, or if other extreme circumstances occur. If Buyer has not cured the default within 30 days after the postmarked date of the notice, Seller may accelerate the maturity of the debt and require Buyer to pay Seller the entire remaining balance due on the contract. Seller may take legal action against Buyer, and Seller may repossess the Manufactured Home. In the event of default, Buyer also agrees to pay Seller's expenses for (a) reasonable attorney's fees, not to exceed 15% of Buyer's unpaid debt, after referral to an attorney who is not Seller's salaried employee; (b) court costs and disbursements; and (c) costs of repossessing the Manufactured Home including the costs of storing, reconditioning, and reselling it. Before Seller sells the Manufactured Home, Buyer can get it back (redeem) if Buyer (1) pays Seller amounts which are past due, including late charges; (2) pays Seller the cost of taking and storing the Manufactured Home and other expenses that Seller incurs; (3) pays Seller all other charges or other expenses to which Seller is entitled under this contract; and (4) cures any other defaults which may have occurred. Buyer's right to redeem will end when the Manufactured Home is sold unless otherwise required by law. Any personal property of Buyer's in or attached to the Manufactured Home which is not subject to Seller's security interest may be held by Seller without liability if the Manufactured Home is repossessed. Buyer will be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within ten (10) days after repossession.

**OTHER TERMS AND CONDITIONS:** Buyer will not move the Manufactured Home from the address above without Seller's prior written consent. Buyer will not sell the Manufactured Home without Seller's prior written consent. Buyer will not let the Manufactured Home become part of any real estate. Buyer agrees that the Manufactured Home sold by the terms of this contract is personal property. Unless Seller gives prior written consent, Buyer shall not allow the Manufactured Home to become a part of real estate or to otherwise lose its status as personal property under applicable law, and doing so shall constitute willful and malicious injury to the Manufactured Home and Seller's security interest herein. Buyer will not encumber or abandon the Manufactured Home or use it for hire or illegal activity, nor allow any lot lien, landlord lien, or similar lien to encumber the Manufactured Home. Buyer will pay promptly all taxes and any liens and encumbrances of the Manufactured Home. Buyer will notify Seller promptly of any loss or damage to, or confiscation or theft of the Manufactured Home. When Seller asks for it, Buyer promptly will provide Seller with proof that (1) Buyer has the insurance required under this contract; (2) all taxes assessed against the Manufactured Home have been paid; (3) all park or lot rent (and any other related charges) due has been paid; (4) Seller's lien is the only lien against the Manufactured Home, and (5) the Manufactured Home is in good condition and repair. Seller can inspect the Manufactured Home at any time. If Buyer is married, and residing in a community property state, both Buyer's community property and separate property will be liable for all payments under this contract. Buyer will cooperate with Seller regarding any requests after closing to correct errors made concerning this contract or the transaction and to provide any and all additional documentation deemed necessary by Seller to complete this transaction. Buyer acknowledges that Buyer has examined the Manufactured Home and that, if it is used, Buyer accepts the Manufactured Home as is. The year of the Manufactured Home as specified in this contract is for identification purposes only. Seller may rely on a telecopy or photocopy of this agreement as if it were an original. Buyer acknowledges that any Broker or other third party used to facilitate this transaction may receive compensation from Seller for its services. If the Home Buyer Protection Plan (HBPP) or Credit Life were purchased, the premium(s) are financed over the term of the loan, even though the term of insurance is less than the loan term.

**ARBITRATION:** All disputes, claims or controversies arising from or relating to this **contract**, or the subject hereof, or the parties, including the enforceability or applicability of this arbitration agreement or provision and any acts, omissions, representations and discussions leading up to this agreement, hereto, including this agreement to arbitrate, shall be resolved by mandatory binding arbitration by one arbitrator selected by Seller with Buyer's consent. This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL.** The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this contract. The parties agree that the arbitrator shall have all powers provided by law, the contract and the agreement of the parties. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything hereunto the contrary, Seller retains an option to use judicial (filing a lawsuit) or non-judicial relief to enforce a **security** agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this contract, including the filing of a counterclaim in a suit brought by Seller pursuant to this provision.

**INFORMATION SHARING:** Seller may investigate Buyer's credit history and credit capacity in connection with opening, updating, modifying, extending, and/or collecting Buyer's account, and share information about Buyer and Buyer's account with credit reporting agencies. Seller may sell or otherwise furnish information about Buyer, including insurance information, to all others who may lawfully receive such information. Seller may furnish specific information about the Manufactured Home and any insurance policies on the Manufactured Home to any insurance agent to enable such agent to quote premiums to Buyer and solicit Buyer's insurance business. Seller may also verify Buyer's employment, pay, assets and debts; and anyone receiving a copy of this contract is hereby authorized to release such information to Seller.

**WAIVER AND MODIFICATION:** Seller's waiver of any default shall not constitute a waiver of any other default. The procurement of required property insurance, or the payment of taxes, or other liens, or other charges, by Seller shall not be a waiver of Seller's right to accelerate the maturity of this contract and declare a default herein.

**WARRANTIES:** Any warranties relating to a new Manufactured Home have been provided to Buyer by Seller, or a warranty company, or the manufacturer in a separate writing, receipt of which Buyer hereby acknowledges. Except as provided in such writing, if any, there are no warranties, express or implied, including but not limited to warranties of merchantability or fitness for a particular purpose. Buyer acknowledges that Buyer has examined the Manufactured Home and that, if it is used, Buyer accepts the Manufactured Home "as is". The year of the Manufactured Home is for identification purposes only. Except to the intent expressly stated herein, or as otherwise required by law, no assignee of this contract shall be liable, either in tort or contract, for any direct or indirect damages or for any special, incidental, or consequential damages arising out of or in connection with this contract or transaction. This disclaimer of warranties does not affect any service contracts made with the Seller within 90 days from the date of this contract.

**VALIDITY:** Wherever possible each provision of this contract shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this contract shall be prohibited by or be invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this contract. The contract shall be governed both as to issues of formation and performance, by the laws of the State where the contract was executed by Buyer, provided that to the extent Federal preemption applies, Federal rights and remedies will be applied. This contract shall be of no effect until and unless signed by Buyer and Seller. In no event shall any charge under this contract exceed the highest amount allowed by applicable law. If any excess charge is received such excess shall be refunded or applied to the amount due.

**ASSIGNMENT:** Seller may assign this contract to any person or entity. All rights granted to Seller under this contract shall apply to any assignee of this contract.

**ENTIRE AGREEMENT:** This contract, any separate written warranty and the "Retailer Closing Agreement" constitute the entire agreement between Buyer and Seller. Buyer agrees that no representations, oral or written, have been made to Buyer to induce Buyer to enter into this contract, other than the representations expressly set forth in this contract and in any separate written warranty.

**GUARANTY:** Co-Signer agrees that all amounts owed under this contract will be paid when due. Co-Signer will still be obligated even if Buyer is released or if Seller waives or delays enforcement of any of Seller's rights under this contract. Seller does not have to give Co-Signer notice of any such waiver, delay or release. See attached Notice to Co-Signer before signing this guaranty.

Page 4 (400)

**NOTICE TO THE BUYER:** 1. DO NOT SIGN THIS DOCUMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. 2. YOU ARE ENTITLED TO AN EXACT COPY OF THE DOCUMENT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. 3. LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS MOBILOWNERS INSURANCE IS INDICATED IN THE PROPERTY INSURANCE BOX ABOVE. 4. CAUTION: YOU ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS RETAIL INSTALLMENT CONTRACT CONSISTING OF FIVE (5) PAGES.

**SELLERS AGREEMENT:** Seller agrees to this contract, and subject to acceptance by Vanderbilt Mortgage and Finance, Inc. at its designated office, assigns it to Vanderbilt Mortgage and Finance, Inc. in accordance with the assignment set forth herein. Notice of acceptance is hereby waived.

Seller    CLAYTON COTTAGE HILLS

By _____ manager
      (Signature)                (Title)

Seller's Address
      995 WEST MACARTHER DRIVE
      COTTAGE HILLS, IL
      (City)              (State)

Date of this Contract ____3.20-07____

CMH Homes, Inc.
Kimberly Orr, DC

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

_____
(Buyer)                  MONTE W STEWART SR

____3.20-07____
(Date)

_____
(Buyer)                  SUSAN A STEWART

____3.20-07____
(Date)

**GUARANTY OF BUYER'S PROMISES:** The undersigned, separately and together, agree(s) to pay all amounts due on this contract until all amounts due on this contract are paid in full. The undersigned also agree(s) to all the terms and conditions of this contract.

_____
(Co-Signer)

_____
(Date)

_____
(Co-Signer)

_____
(Date)

## NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR (BUYER) COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR (BUYER) SHALL NOT EXCEED AMOUNT PAID BY THE DEBTOR (BUYER) HEREUNDER.

(See above for Buyer's and Seller's Signatures)

### ASSIGNMENT BY SELLER

TO VANDERBILT MORTGAGE AND FINANCE, INC. (VANDERBILT): For value received, Seller hereby assigns within contract and all Seller's right, title and interest in it, and its collateral to Vanderbilt Mortgage and Finance, Inc. (Assignee), together with certain warranties and recourse obligations, if any, contained in the underlying agreement between Seller and Vanderbilt.

VANDERBILT MORTGAGE AND FINANCE, INC. assigns _____

the foregoing contract including all amounts payable by buyer and the security interest in the collateral, without recourse.

Date _____  By: _____  Title: _____

IL Fixed - Rev 04/2000

>Page 8 (400)

# STATE OF ILLINOIS

## CERTIFICATE OF TITLE OF A VEHICLE

VEHICLE IDENTIFICATION NO.
CHS1049127N
S1049127N

YEAR
2006

MAKE
CLAYTON

MODEL

BODY TYPE
MOBILE HM

TITLE NO.
X7427760P0

DATE ISSUED
03/04/07

NEW

ISSUE DATE
03/20/07

TYPE
ORIGINAL

MAILING ADDRESS

**VANDERBILT MORTGAGE & FINANCE INC**
**PO BOX 4007**
**MARYVILLE TN 37802-4007**

OWNER(S) NAME AND ADDRESS
MONTE W STEWART S
SUSASN A STEWART
1341 E MAIN
SCOTT AIR FORCE BASE IL 62225

FIRST LIENHOLDER NAME AND ADDRESS
VANDERBILT MORTGAGE & FINANCE INC
PO BOX 4007
MARYVIELLE TN 37802-4007

SECOND LIENHOLDER NAME AND ADDRESS

LEGEND
MILEAGE NOT REQUIRED

FOR RELEASE OF LIEN

NEW LIEN ASSIGNMENT

## ASSIGNMENT OF TITLE

WARNING: ODOMETER DISCREPANCY

Printed Name

G029602121
CONTROL NO.

JESSE WHITE, SECRETARY OF STATE

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

**EXHIBIT**
**2**

## POST-PETITION PAYMENT HISTORY

| Post-Petition Due Date | Date Payment Received | Amount Due | Amount Received | Late Charges | Notes |
|---|---|---|---|---|---|
| 04-01-2014 | 04-01-2014 | $414.64 | $414.64 | | |
| | | | | | |

